**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

United States District Court
Southern District of Texas
FILED

**TOMMY BRANTON, ET AL**

VS.

**CITGO PETROLEUM CORPORATION,**
**ET AL**

§
§
§
§
§
§

OCT 19 1999

Michael N. Milby, Clerk

**CASE NO. C-98-585**

### MOTION TO QUASH SUBPOENA, MOTION FOR PROTECTIVE ORDER AND REQUEST FOR HEARING

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, MARCO KALTOFEN, filing this Motion to Quash and Motion for Protective Order, and in support thereof would show unto the Court the following:

1.      The undersigned, conferred with counsel for Citgo and an agreement was reached to cancel the deposition as noticed pending a ruling by this Court on this Motion to Quash. The undersigned agreed to cooperate with counsel for Citgo in the rescheduling of the witnesses deposition should this Motion to Quash be denied.

2.      This case arises from an explosion and fire at the Citgo refinery in Corpus Christi, Texas, on May 12, 1997. Four related cases are currently pending in this Court: *Humberto Barrera, et al. vs. Citgo Petroleum Corporation*, Civil Action No. C-99-229; *Charles Henry Cavada, et al., vs. Citgo Petroleum Corporation, et al.*, Civil Action No. C-99-227; *Seledonio Vela, et al. vs. Citgo Petroleum Corporation*, Civil Action No. C-99-254; and *Angel Abrego, et al vs. Citgo Petroleum Corporation, et al.*, Civil Action No. 99-2593-F. These cases arise from the same incident and involve some of the same defendants as the above-styled case, but were brought by different plaintiffs who are represented by different attorneys.

1

*53.*

3.      The Plaintiffs in the four cases described above have retained Movant Kaltofen to collect data and provide opinions.  Movant Kaltofen has not been designated a testifying expert in any of the four cases.  The Plaintiffs in those cases and Movant Kaltofen have invested substantial time and resources in collecting data and performing tests in anticipation of litigation.  Movant Kaltofen has not been retained as an expert by any party in the *Branton* case.

4.      The Defendants in the *Branton* case have issued a subpoena ordering Movant Kaltofen to appear for a deposition on October 25, 1999 in Natick, Massachusetts.  In addition, the subpoena orders him to produce certain documents and materials for inspection.  A copy of the subpoena and the description of documents and materials to be produced are attached hereto as Exhibit "A".

5.      This Court should quash the subpoena and issue a protective order prohibiting the Defendants from taking Movant Kaltofen's deposition in the future.  Movant Kaltofen has not been retained by any party in the *Branton* case, and his data and opinions are not essential to the conclusions of any expert who has been retained in that case.  In sum, it is apparent that the Defendants have subpoenaed Movant Kaltofen not because of a legitimate need for his testimony in the *Branton* case, but rather in an improper effort to circumvent the rules regarding expert discovery in the related cases described above.

6.      Federal Rule of Civil Procedure 45(c)(3)(B)(ii) provides that a Court may quash or modify a subpoena which "requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party."  Because Defendants' subpoena would require disclosure of information and data resulting from work which was not requested by any party in the *Branton*

2

case, it is in direct violation of this rule. The rule permits a party to proceed with such a

deposition only if the party demonstrates "a substantial need for the testimony or material that can

not be otherwise met without undue hardship and assures that the person to whom the subpoena

is addressed will be reasonably compensated." The Defendants in the *Branton* case have no

substantial need for Mr. Kaltofen's testimony or data. The Court should therefore quash the

subpoena and issue a protective order.

      7.      In the alternative, FRCP 45(c)(3)(A) provides that the Court "shall quash or

modify" a subpoena if it "fails to allow reasonable time for compliance," or if it "subjects a person

to undue burden." Defendants' subpoena should be quashed because it does not allow a

reasonable time for compliance, and it subjects Mr. Kaltofen to undue burden. Mr. Kaltofen has

been retained as an expert in *Achee, et al v.s.. Port Drum Company, et al*, Civil Action No. 1:98-

CV-001554, pending in the United States District Court, Eastern District of Texas, Beaumont

Division. In that case, Mr. Kaltofen is required to present a report describing his opinions and the

basis for them no later than October 29, 1999. See Affidavit of John M. Quinlan, attached as

Exhibit "B"; agreed scheduling order in *Achee, et al vs. Port Drum Company, et al*, attached as

Exhibit "C". Requiring Mr. Kaltofen to complete his report in the *Achee* case while

simultaneously preparing for his deposition in the *Branton* case would impose an undue burden on

him. This Court should therefore quash Defendants' subpoena and issue a protective order

prohibiting the Defendants from taking his deposition until Mr. Kaltofen has completed his report

in the *Achee* case and been given a reasonable time to prepare for his deposition in the *Branton*

case.

CMPDF - www.fastio.com

8.    Movant Kaltofen respectfully requests a hearing on this matter at the Court's next available opportunity.

WHEREFORE, PREMISES CONSIDERED, Movant Kaltofen respectfully request that this Court quash the subpoena and issue a protective order prohibiting Defendants from deposing him in connection with the *Branton* case.

Respectfully submitted,

**HUERTA, HASTINGS & ALLISON**
924 Leopard Street
P. O. Box 23080
Corpus Christi, Texas  78403-3080
Telephone:  (361) 884-1632
Facsimile:  (361) 884-7013

By: _____
       STEVE T. HASTINGS
       Federal ID#: 2232
       State Bar No. 09211000

4

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent to the below listed counsel by the indicated means on this ___ day of October, 1999.

Cheryl A. Falvay, Esq.
AKIN, GUMP, STRAUSS, HAUER & FELD, LLP
1333 New Hampshire Avenue, N.W., Suite 400
Washington, D.C. 20036

Seth Cortigene
The Corgingene Law Firm
3730 Kirby Drive, Suite 1140
Houston, Texas 77098

Jeffrey Stern
Stern & Miller
5821 Southwest Freeway, Suite 501
Hosuton, Texas 77057

Jeffrey Sherwood
Akin, Gump, Strauss, Hauer & Feld, LLP
13333 New Hampshire Avenue, N.W., Ste. 400
Washington, D.C. 20036

Ralph Meyer
Royston, Rayzor, et al.
170 Wilson Plaza West
606 N. Carncahua
Corpus Christi, Tx. 78476-1702


_____
STEVE T. HASTINGS

5

A

CutePDF - www.fasoo.com

SENT BY:                        ;    -15-99 ; 4:06PM ;          PIP NATI'                882 4829;# 1

## Issued by the
# United States District Court

____FOR THE_____DISTRICT OF ____MASSACHUSETTS_____

TOMMY BRANTON, et al.,

      Plaintiffs,                           ## SUBPOENA IN A CIVIL CASE

      vs.                                      ### DATE OF SERVICE

CITGO PETROLEUM CORPORATION, et al.,
                                                 ┌─────────────────┐
      Defendants.                      │  10-15-99       │
                                                 └─────────────────┘

To:  **MARCO KALTOFEN**              Case No. __C-98-585_____
    **5 Water Street**              (Pending in the United States District Court
    **Natick, MA 01766**            for the Southern District of Texas, Corpus
                                        Christi Division)

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time
    specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a
    deposition in the above case.

| PLACE OF DEPOSITION<br>Crowne Plaza Hotel<br>1360 Worcester Road<br>Natick, MA 01760 | DATE AND TIME<br>October 25, 1999<br>10:00 a.m. |
|---|---|

☐  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects
    at the place, date, and time specified below (list documents or objects): **See Attachment A**

| PLACE<br>Crowne Plaza Hotel<br>1360 Worcester Road<br>Natick, MA 01760 | DATE AND TIME<br>October 25, 1999<br>10:00 a.m. |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time
    specified below.

| PREMISES | DATE AND TIME |
|---|---|

| ISSUING OFFICER'S SIGNATURE AND TITLE (indicate if attorney for Plaintiff<br>or Defendant) *Cheryl A. Falvey*    **Attorney for Defendants** | DATE<br>October 14, 1999 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Cheryl A. Falvey, Esq.
AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P.
1333 New Hampshire Avenue, N.W., Suite 400
Washington, D.C. 20036
(202) 887-4000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

CitiPDF - www.fastio.com

Case 2:98-cv-00585 Document 53 Filed in TXSD on 10/19/99 Page 8 of 21

## ATTACHMENT A

### Definitions

As used below, the following words and phrases shall have the following meanings:

1.     The term "document" means any writing or record of any type or description including, but not limited to, test results, proposals, analysis, financial data, summaries of or notes concerning oral representations, correspondence, letters, labels, statements, envelopes, contracts, bulletins, circulars, pamphlets, telephone message slips, telephone logs, telephone bills, business plans, agreements, agendas, minutes, memoranda, telegrams, telexes, cables, messages, notes, work sheets, reports, blueprints, maps, diagrams, specifications, schematic drawings, forms, studies, photographs, videotape, film, checkbook logs, cancelled checks, inter-office communications, intra-office communications, appointment books, appointment logs, calendars, pocket calendars, diaries, expense reports, drafts, wire transfer transmittal authorizations and confirmations, bank statements, ledgers, journals, work orders, logs, purchase orders, bills of lading, letters of credit, invoices, confirmations, receipts, travel vouchers, promotional materials, lists, notebooks, computer print-outs, electronically or magnetically recorded or stored data (including word processor and computer disks or tapes), microfilm, microfiche, tape recordings, transcripts, digests, affidavits, opinions, signed statements of witness(es), summaries, notices, books, articles, newspapers, charts, magazines, and all other documentary material including non-identical copies (whether different from the original because of any alterations, notes, comments or other material contained thereon or attached thereto or otherwise), and drafts, whether used or not.

2.     The term "relating to" means to refer to, discuss, evidence, involve, reflect, deal with, consist of, emanate from, be directed at, or in any way pertain, in whole or in part, to the subject matter of the document request.

### Documents to Be Produced In Connection with Subpoena of Marco Kaltofen

1.     Any and all Documents and other materials relating to the May 12, 1997 fire and explosion at CITGO's refinery in Corpus Christi, Texas.

2.     Any and all Documents and other materials relating to the results of any soil, air, or water test, inspection, measurement, investigation, or examination, including testing conducted on any plant, animal, or inanimate object, relating to alleged chemical releases from CITGO's refinery in Corpus Christi, Texas.

:-1 --9: : 4:770.4 :         PIP N: 104+          802 482:# 2

'1 .ett'' . DNT.e

'.1. .ld:t

. :pu:2gd':::::: ::'i . n : '...w.'i .:::. :b .::: .::.:.d:l h::e:::. ::::ft.ll.::vl:; p::.::::::::g::

: : :::: "k::::. :...'  : ::: :,: ::t:. :lt::: ::: :::::: :l :f :::g::::::::: :::. :d:::::::: :::..:::.::l::'':::: :::::: ::::::: p :::g:::::: ::: ::: :::t:.. :l::::, ::::::::: ::d::.:.. ::::::::::::: :l :::::::::: :::::::::ll:::: :::l : u::::::::: ::d :: :::::::::: :l :. :::::::::lt .::::: ::::::. :: ::.:::::. :::::::l ::. :::::::l:::::::: ::::::::ct:::: ::::l::::::::::g, :::::::l:::, p:::::g::::::: ':::: :::: :::: : ':::: : :f::: ::::l::::. :t:l :l :::: :::ll::,: :::::::: :::l ::::, ::g::::::::::::, :: :l :::::: ::l::::: :: :: :::::: ::::. :l::.:.:y :::::::l::::::::g::: :: ::::::: :::: :::::::: ::y ::::::, :: ::: :: :::::::::::: ::l:l :: :::::::::ty ::::::::l::::::::: ::::.:: :::::::l::::: p:::::::::::::::, :::::::::::::::, : :::: ::::: :::::::l ::::, :::::::: :: ::::::: :::::: ::::::::: ::::::::: ::l :::: ::::::::::::l :::: ::::::::::::: ::::::::::::: ::::::::t:::: :::::::::::::::::: ::::l:::::::::::: :::::::l:::: ::::::::: :::::.:.ct::::, ::l::::::: :::::::::::: :::::ft:, ::::

## AFFIDAVIT OF JOHN M. QUINLAN

STATE OF TEXAS          §
                        §
COUNTY OF NUECES        §

Before me, the undersigned authority, personally appeared John M. Quinlan known to me to be a credible person, whose name is subscribed to the foregoing instrument and having been duly sworn by me, deposed and said:

"My name is John M. Quinlan. I am over the age of 21 and competent to make this affidavit. I am one of plaintiffs lawyers in *Rudy Achee, et al. v. Port Drum Company, et al.*; 1:98-CV-01554, United States District Court, Eastern District of Texas, Beaumont Division.

The Agreed Scheduling Order attached hereto is a true and correct copy of the order entered in said civil action. The deadline of October 15, 1999 for plaintiffs to identify by a report listing the qualifications of each expert, each opinion the expert will present, and the basis for it, has been extended until October 29, 1999.

Marco Kaltofen is employed as an expert in this case which involves over 1,500 plaintiffs. He has taken extensive samples in the area near the subject Port Drum facility. This work has been extensive, and the other experts in the case will rely upon his data and opinions in forming their own opinions. His work cannot be performed by anyone else, and, if he does not complete it, the defendants will likely move for a dismissal or motion for summary judgment based upon plaintiffs' failure to produce expert reports. He is currently working to complete an expert report in this case which is due October 29, 1999.

John M. Quinlan

SWORN TO and SUBSCRIBED before me by John M. Quinlan on this 19th day of October, 1999, to certify which witness my hand and seal of office.

_Keri L. Robinson_

NOTARY PUBLIC, State of _Texas_

KERI L. ROBINSON
Notary Public
STATE OF TEXAS
My Comm. Exp. May 4, 2002

2

RECEIVED

FILED-CLERK 7 1999
U.S. DISTRICT COURT
BY:_____

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS    99 AUG 24  PM 2:38
BEAUMONT DIVISION

TX EASTERN-BEAUMONT

| | | |
|---|---|---|
| RUDY ACHEE, et al. | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | Civil Action No. 1:98-CV-001554 |
| | § | JURY |
| PORT DRUM COMPANY, et al. | § | |
| Defendants. | § | |

BY  Frances Oton

## AGREED SCHEDULING ORDER

The disposition of this case will be controlled by the following schedule and deadlines:

1.  EXPERT WITNESSES for the PLAINTIFF will be identified by a report listing the qualifications of each expert, each opinion the expert will present, and the basis for it.
    Due Date:                                                                                    Oct. 15, 1999

2.  EXPERT WITNESSES for the DEFENDANT will be identified by a report listing the qualifications of each expert, each opinion the expert will present, and the basis for it.
    Due Date:                                                                                    Jan. 15, 2000

3.  Defendants designate trial plaintiffs:                                                       Dec. 1, 1999

4.  DISPOSITIVE MOTIONS will be filed by:                                                        Feb. 7, 2000

5.  DISCOVERY must be completed by:                                                              Feb. 25, 2000
    Written discovery requests are not timely if they are filed so close to this deadline that the recipient would not be required under the Federal Rules of Civil Procedure to respond until after the deadline.

6.  JOINT PRETRIAL ORDER will be filed by:                                                       _____
    Plaintiff is responsible for timely filing the complete Joint Pretrial Order to include Voir Dire and Jury Issues.

7.  DOCKET CALL is set for:                                                                      _____
    The Court will set this date.                                                                At 4:00 p.m.

8.  Trial date:                                                                                  March 10, 2000
    (The Court will provide this date)

No instrument filed within 7 days before the Docket Call will be considered at Docket Call.

8-24-99
_____
Date

_____
JUDGE PRESIDING

APPROVAL REQUESTED:

**PLAINTIFFS' COUNSEL:**

**DEFENSE COUNSEL:**

_____
Robert C. Hilliard
Hilliard & Munoz, P.L.L.C.

_____
Arthur R. Almquist
Mehaffy & Weber

_____
Russell W. Heald
Hilliard & Heald, L.L.P.

_____ By permission
John Eldridge
Rudy England
Haynes & Boone

_____
Samuel Stubbs
David W. Corban
Fulbright & Jaworski

_____
Richard O. Faulk
José A. Berlanga
Gardere Wynne Sewell & Riggs, L.L.P.

No instrument filed within 7 days before the Docket Call will be considered at Docket Call.

_____                    _____
Date                                       JUDGE PRESIDING


APPROVAL REQUESTED:

**PLAINTIFFS' COUNSEL:**                    **DEFENSE COUNSEL:**


_____                    _____
Robert C. Hilliard                         Arthur R. Almquist
Hilliard & Munoz, P.L.L.C.                 Mehaffy & Weber


_____                    _____
Russell W. Heald                           John Eldridge
Hilliard & Heald, L.L.P.                   Rudy England
                                           Haynes & Boone


                                           _____
                                           Samuel Stubbs
                                           David W. Corban
                                           Fulbright & Jaworski


                                           _____
                                           Richard O. Faulk
                                           José A. Berlanga
                                           Gardere Wynne Sewell & Riggs, L.L.P.

No instrument filed within 7 days before the Docket Call will be considered at Docket Call.

_____          _____
Date                             JUDGE PRESIDING

APPROVAL REQUESTED:

PLAINTIFFS' COUNSEL:              DEFENSE COUNSEL:

_____ by perm,3,0      _____
Robert C. Hilliard               Arthur R. Almquist
Hilliard & Munoz, P.L.L.C.       Mehaffy & Weber

_____ by perm,55,0     _____
Russell W. Heald                 John Eldridge
Hilliard & Heald, L.L.P.         Rudy England
                                 Haynes & Boone


                                 _____
                                 Samuel Stubbs
                                 David W. Corban
                                 Fulbright & Jaworski


                                 _____
                                 Richard O. Faulk
                                 José A. Berlanga
                                 Gardere Wynne Sewell & Riggs, L.L.P.

99      11:58      FULBRIGHT → 004119634787132276555                                    NO.533    P03

.eceived Aug 05 09:31AM (00:54) on RightFAX line [4] for 'SS00411' ············ WORKSRV1 printed image 80074983 on Aug 05 09:49AM

FROM GARDERE WYNNE SEWELL & RIGGS, L. L. P.      (THU) 8. 5'99  9:39/ST. 9:34/NO. 4861552195 P 3

No instrument filed within 7 days before the Docket Call will be considered at Docket Call.

| Date | | JUDGE PRESIDING |
|------|--|-----------------|

APPROVAL REQUESTED:

**PLAINTIFFS' COUNSEL:**                    **DEFENSE COUNSEL:**

Robert C. Hilliard                          Arthur R. Almquist
Hilliard & Munoz, P.L.L.C.                  Mehaffy & Weber

Russell W. Heald                            John Eldridge
Hilliard & Heald, L.L.P.                    Rudy England
                                            Haynes & Boone

                                            Samuel Stubbs
                                            David W. Corban
                                            Fulbright & Jaworski

                                            Richard O. Faulk
                                            José A. Berlanga
                                            Gardere Wynne Sewell & Riggs, L.L.P.

RECEIVED

FILED-CLERK 7 1999
U.S. DISTRICT COURT
BY:_____

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS   99 AUG 24 PM 2:38
BEAUMONT DIVISION

TX EASTERN-BEAUMONT

BY _Frances Cham_

| | | |
|---|---|---|
| RUDY ACHEE, et al. | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | Civil Action No. 1:98-CV-001554 |
| | § | JURY |
| PORT DRUM COMPANY, et al. | § | |
| Defendants. | § | |

## AGREED SCHEDULING ORDER

The disposition of this case will be controlled by the following schedule and deadlines:

1.  EXPERT WITNESSES for the PLAINTIFF will be identified by a report listing the qualifications of each expert, each opinion the expert will present, and the basis for it.
    Due Date:                                                            Oct. 15, 1999

2.  EXPERT WITNESSES for the DEFENDANT will be identified by a report listing the qualifications of each expert, each opinion the expert will present, and the basis for it.
    Due Date:                                                            Jan. 15, 2000

3.  Defendants designate trial plaintiffs:                               Dec. 1, 1999

4.  DISPOSITIVE MOTIONS will be filed by:                                Feb. 7, 2000

5.  DISCOVERY must be completed by:                                      Feb. 25, 2000
    Written discovery requests are not timely if they are filed so close to this deadline that the recipient would not be required under the Federal Rules of Civil Procedure to respond until after the deadline.

6.  JOINT PRETRIAL ORDER will be filed by:                               _____
    Plaintiff is responsible for timely filing the complete Joint Pretrial Order to include Voir Dire and Jury Issues.

7.  DOCKET CALL is set for:                                              _____
    The Court will set this date.                                        At 4:00 p.m.

8.  Trial date:                                                          March 10, 2000
    (The Court will provide this date)

No instrument filed within 7 days before the Docket Call will be considered at Docket Call.


8-24-99
_____
Date

_____
JUDGE PRESIDING


APPROVAL REQUESTED:

**PLAINTIFFS' COUNSEL:**                    **DEFENSE COUNSEL:**


_____                    _____
Robert C. Hilliard                          Arthur R. Almquist
Hilliard & Munoz, P.L.L.C.                  Mehaffy & Weber


_____                    _____
Russell W. Heald                            John Eldridge   By permission
Hilliard & Heald, L.L.P.                    Rudy England
                                            Haynes & Boone


                                            _____
                                            Samuel Stubbs
                                            David W. Corban
                                            Fulbright & Jaworski


                                            _____
                                            Richard O. Faulk
                                            José A. Berlanga
                                            Gardere Wynne Sewell & Riggs, L.L.P.

ceived:   8/10/99 11:57AM;          713 655 0222 -> JetFax M91C·   Page 2
   /09/99  MON 23:46 FAX 713 55 . 2        MEHAFFY & WEBER                          002
Sent by: JetFax M910              2814961151;        08/02/99 10:47AM;JetFax_#697;Page 3/3

No instrument filed within 7 days before the Docket Call will be considered at Docket Call.

_____                          _____
Date                                          JUDGE PRESIDING


APPROVAL REQUESTED:

PLAINTIFFS' COUNSEL:                          DEFENSE COUNSEL:


_____                          _____
Robert C. Hilliard                            Arthur R. Almquist
Hilliard & Munoz, P.L.L.C.                    Mehaffy & Weber


_____                          _____
Russell W. Heald                              John Eldridge
Hilliard & Heald, L.L.P.                      Rudy England
                                              Haynes & Boone


                                              _____
                                              Samuel Stubbs
                                              David W. Corban
                                              Fulbright & Jaworski


                                              _____
                                              Richard O. Faulk
                                              José A. Berlanga
                                              Gardere Wynne Sewell & Riggs, L.L.P.

CMPDF - www.fastio.com

No instrument filed within 7 days before the Docket Call will be considered at Docket Call.

_____          _____
Date                             JUDGE PRESIDING

APPROVAL REQUESTED:

PLAINTIFFS' COUNSEL:             DEFENSE COUNSEL:

_____ by perm.ssion
Robert C. Hilliard              Arthur R. Almquist
Hilliard & Munoz, P.L.L.C.      Mehaffy & Weber

_____ by perm.ssion
Russell W. Heald                John Eldridge
Hilliard & Heald, L.L.P.        Rudy England
                                Haynes & Boone


                                _____
                                Samuel Stubbs
                                David W. Corban
                                Fulbright & Jaworski


                                _____
                                Richard O. Faulk
                                José A. Berlanga
                                Gardere Wynne Sewell & Riggs, L.L.P.

'99    11:58    FULBRIGHT → 004119634787132765555                          NO.533    D03

ceived Aug 05 09:31AM (00:54) on RightFAX line (4) for 'SS00411' ············· WORKSRV1 printed image 800749&3 on Aug 05 09:49AM

FROM GARDERE WYNNE SEWELL & RIGGS, L. L. P.     (THU) 8. 5'99  9:39/ST. 9:34/NO. 4861552195 P  3

No instrument filed within 7 days before the Docket Call will be considered at Docket Call.

_____                    _____
Date                                        JUDGE PRESIDING


APPROVAL REQUESTED:

**PLAINTIFFS' COUNSEL:**                     **DEFENSE COUNSEL:**


_____                    _____
Robert C. Hilliard                          Arthur R. Almquist
Hilliard & Munoz, P.L.L.C.                  Mehaffy & Weber



_____                    _____
Russell W. Heald                            John Eldridge
Hilliard & Heald, L.L.P.                    Rudy England
                                            Haynes & Boone

                                           _____
                                            Samuel Stubbs
                                            David W. Corban
                                            Fulbright & Jaworski



                                           _____
                                            Richard O. Faulk
                                            José A. Berlanga
                                            Gardere Wynne Sewell & Riggs, L.L.P.

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **TOMMY BRANTON, ET AL** | § | |
| | § | |
| **VS.** | § | |
| | § | **CASE NO. C-98-585** |
| **CITGO PETROLEUM CORPORATION,** | § | |
| **ET AL** | § | |

**ORDER**

On this date the Court considered the Motion to Quash Subpoena, Motion for Protective

Order and Request for Hearing.  After considering the motion the Court:

GRANTS the Motion to Quash Subpoena, and GRANTS the Motion for Protective

Order.

It is, therefore, ORDERED, ADJUDGED and DECREED that the above motion, and it

hereby is, GRANTED.

SIGNED and ENTERED this _____ day of _____, 1999.


_____
United States District Judge

6